IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**IRA LEE ANDERSON,** **PETITIONER**

v. No. 2:12CV141-B-S

**RON KING, ET AL.** **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Ira Lee Anderson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and Anderson has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed as moot.

**Facts and Procedural Posture**

Ira Lee Anderson pled guilty to aggravated assault in the Panola County Circuit Court. He was sentenced to serve five days in the Mississippi Department of Corrections ("MDOC") with ten years on post-release supervision ("PRS"), two of which were on a reporting basis and the remaining eight on a non-reporting basis. Anderson was given credit for time served and immediately began serving the PRS portion of his sentence. Within six months, Anderson was before the circuit court for a revocation hearing due to several violations of the terms of his post-release supervision. S.C.R. Vol. 3, pp. 234-275. Following that hearing, the trial judge entered an order revoking eight years of Anderson's PRS and ordering him to serve the sentence in the custody of MDOC. S.C.R. Vol. 2, pp. 189-190.

Anderson then filed a *pro se* motion for post-conviction relief in the circuit court (S.C.R. Vol. 1, pp. 5-72; 79-98), which was denied by Order filed September 22, 2010. *Id.* at pp. 111-

113. He appealed the circuit court's order denying post-conviction relief to the to the Mississippi Supreme Court, where he raised the following issues for the court's review (as stated by Anderson *pro se*):

    A.    Whether trial court had authority or jurisdiction over appellant?

    B.    Whether trial court had authority or jurisdiction to hear appellant's post-release supervision revocation hearing?

    C.    Whether appellant was denied due process at his post-release supervision revocation hearing?

    D.    Whether trial court's imposition of a sentence at appellant's post-release supervision revocation hearing exceeding his original sentence constituted double jeopardy?

    E.    Whether appellant's attorney's performance was ineffective?

    F.    Whether sentence appellant received at his post-release supervision revocation hearing was illegal?

    G.    Whether trial court acted in bad faith and with willful misconduct in office?

    H.    Whether trial court failed to render findings of fact and conclusions of law as requested by appellant?

    I.    Whether trial court erred in denying appellant's post-conviction motion without affidavits?

On November 29, 2011, the Mississippi Court of Appeals affirmed the trial court's summary dismissal of Anderson's motion for post-conviction relief. *Anderson v. State*, 89 So. 3d 645 (Miss. Ct. App. 2011), *reh'g denied*, March 13, 2012, *cert. denied,* June 7, 2012 (Cause No. 2010-CP-01628-COA).

In the instant federal petition for a writ of *habeas corpus* filed by the petitioner *pro se*, Anderson raises the following claims:

    **Ground One**: Resentencing the petitioner to 8 years in the MDOC constituted

double jeopardy. That on 3-16-09 the petitioner was given a sentence of 5 days in the MDOC, non suspended and placed upon a term of post-release supervision for 10 year and that on 8-21-09, the petitioner was resentenced to a term of 8 years in the MDOC for the same offense subjecting him to Double Jeopardy.

**Ground Two**: The trial court did no have jurisdiction over the petitioner, in that petitioner at the petitioner's sentencing was not given a suspended sentence, therefore, his sentence was completed after doing his original 5 days.

**Ground Three**: The petitioner was denied ineffective assistance of counsel by his attorney being instrumental in the petitioner receiving a vacatable sentence.

**Ground Four**: The Panola County Circuit Court did not have jurisdiction to hold a PRS revocation hearing against the petitioner since he was arrested in another circuit court district.

**Ground Five**: The petitioner wasn't given adequate notice of his PRS revocation hearing.

Anderson has exhausted his state court remedies as to the issues raised in the instant petition, and any further return to the state court on these issues would be futile.

### The Petition Has Become Moot

Anderson has been released from custody and therefore is no longer incarcerated. In the present petition, Anderson does not challenge the validity of his conviction, but the length of his sentence after the revocation hearing. He has now served that sentence. As such, the instant petition is now moot and must be dismissed. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) (*habeas corpus* petition challenging only petitioner's sentence becomes moot once the sentence has been served). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 4th day of September, 2013.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE